UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re | Case No. 16-10013-WRS |
| | Chapter 7 |
| SPECALLOY CORPORATION, | |
|     Debtor | |
| WILLIAM C. CARN III, | |
|     Plaintiff | Adv. Pro. No. 18-1013-WRS |
| v. | |
| ABCAR INC., | |
|     Defendant | |

**MEMORANDUM DECISION**

This Adversary Proceeding came before the Court for hearing on August 7, 2018, on the Motion to Set Aside Default Judgment filed by Defendant ABCAR, Inc. (Doc. 18). Plaintiff William C. Carn, III, was present by counsel John D. Elrod and Defendant ABCAR was present by counsel William Wesley Causby. For the reasons set forth below, the motion is DENIED.

**I. FACTS**

Plaintiff William C. Carn, III, is the Chapter 7 Trustee in the SpecAlloy Corporation case. Carn filed a complaint to recover a transfer as a voidable preference pursuant to 11 U.S.C. § 547, on January 3, 2018. (Doc. 1). Carn properly served a copy of his complaint together with a summons issued January 4, 2018, by first-class mail, on "Gary C. Lindros, Registered Agent, 9132 N. Main St., Jacksonville, FL 32218," on January 4, 2018. ABCAR's answer was due on

1

Case 18-01013    Doc 28    Filed 10/16/18    Entered 10/16/18 09:22:05    Desc Main
Document    Page 1 of 10

February 5, 2018.[1]  Carn moved for entry of default on April 20, 2018.  (Doc. 11).  A Certificate of Service was attached to Carn's request, certifying that a copy had been mailed to the Defendant, in care of Lindros, at the address indicated above.  An entry of default was made April 24, 2018.  (Doc. 12).  The Clerk indicates that he sent copies of the Entry of Default to "All Parties."  Carn moved for default judgment on April 27, 2018.  (Doc. 14).  Carn provided a Certificate of Service with his Motion for Default Judgment, indicating service in the same manner as the Summons and Complaint and the Request for Entry of Default.  The Court entered judgment by default on May 8, 2018.  (Doc 15).  This Court's Default Judgment indicates that a copy was served on the Defendant.

On July 3, 2018, Defendant ABCAR filed a Motion to Set Aside Default Judgment.  (Doc 18).  The motion is 10 pages long and argues, at some length, that it has a meritorious defense to Carn's complaint.  (Doc. 18).  The motion does not allege any defect in service of process, only that it had not received "actual notice of the bankruptcy or adversary proceeding until early May, 2018."  The motion filed July 3, 2018, did not have an affidavit or any evidence submitted with it.  On July 9, 2018, the Court issued a Notice of Hearing, setting a hearing on ABCAR's motion for August 7, 2018.  (Doc. 20).  Carn filed a response to the motion on August 2, 2018.  (Doc. 24).  The Court, on its own motion, reset the August 7, 2018 hearing to August 14, 2018.  (Doc. 25).

On August 10, 2018, four days before the hearing, ABCAR filed a Reply to Carn's

---

[1] An answer is due 30 days after issuance of the summons.  Rule 7012, Fed. R. Bankr. P. The 30th day after January 4, 2018, was February 3, 2018.  As February 3, 2018, was a Saturday, the answer was due on the next business day, which was Monday February 5, 2018.  Rule 9006(a)(3)(A).

Response. (Doc. 26). The Response has 4 Exhibts: Exhibit A is a proposed Answer; Exhibit B is an Affidavit of Gary Lindros; Exhibit C is the Affidavit of Janet Thurston (Defendant's Florida lawyer); and Exhibit D is the Affidavit of Von Memory (counsel in this case). Of particular interest are Paragraphs 10 and 11 of Lindros' affidavit, which state as follows: "10 ABCAR's physical address is 9132 North Main Street, Jacksonville, Florida. ABCAR also has a post office box, P.O. Box 50278, Jacksonville, Florida, where it receives most of its mail. 11. I did not receive a copy of the Trustee's complaint or amended complaint for Adversary Proceeding 10-01013 prior to receive the entry of default on May 3, 2018. I was not aware of Adversary Proceeding 18-01913 until that date." This is the only evidence that addresses the Defendant's failure to timely answer the complaint.

## II. LAW

### A. Jurisdiction

This is a motion to set aside a default judgment which is governed by Bankruptcy Rule 9024 and Rule 60(b), Fed. R. Civ. P. This Court has jurisdiction pursuant to 28 U.S.C. § 1334(b). This is a core proceeding. 28 U.S.C. § 157(b)(2)(F). This is a final order.

### B. The Legal Standard Required Under Rule 60(b)(1).

To prevail, the moving party, in this case the Defendant, must show "mistake, inadvertence, surprise, or excusable neglect." Rule 60(b)(1), Fed. R. Bankr. P. We begin with the general rule that "default judgment is disfavored because of the strong policy of determining cases on their merits." *Loucks v. Smith*, Civil No. 2:12CV304, 2014 WL 4093220 (M.D. Ala.

3

Order dated Aug. 12, 2014); *see also*, *Fla. Physician's Ins. Co., Inc., v. Ehlers*, 8 F3d. 780, 783 (11th Cir. 1993). The test to be applied here is that the Defendant "must show that:

1. It had a meritorious defense that might have affected the outcome;

2. Granting the motion would not result in prejudice to the non-defaulting party; and

3. A good reason existed for failing to reply to the complaint."

*Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). The Court will analyze the Defendant's motion under this three-part test.

**1. A Meritorious Defense**

Under the first prong, the Defendant must show that it has a meritorious defense that might have affected the outcome. The Defendant argues that it has two defenses to the Trustee's preference claim. First, the Defendant argues that there was contemporaneous exchange. 11 U.S.C. § 547(c)(1). Second, it argues that the exchange was in the ordinary course of business. 11 U.S.C. § 547(c)(2). Having considered the Defendant's contemporaneous exchange defense, the Court is of the view that it is implausible on its face. The cash transfers were at least 14 days after the dates of the invoices.

The Defendant also argues that it has a valid "ordinary course of business" defense. 11 U.S.C. § 547(c)(2). To establish this defense, the Defendant must show that the transaction in question was made either (A) " in the ordinary course of business or financial affairs of the debtor and the transferee," or (B) "made according to ordinary business terms." The Defendant establishes neither case. First, the information provided by the Defendant relates only to the transactions which are the subject of Carn's complaint. To establish condition (A), one must

4

show that the transactions which are the subject of the complaint are consistent with prior business dealings between the debtor and the Defendant. The Defendant has provided no information about prior business dealings, giving nothing to compare–except for the transactions in question. If one ignores all prior dealings with the debtor, except for the transactions which are the subject of the preference action, the transactions in question will, by definition, be in the ordinary course. The Defendant has not established what its business dealings were, therefore it cannot show that the transactions which are the subject of the complaint are consistent with prior practices.

Considering sub-paragraph (B) "made according to ordinary business terms," there is a total failure of proof on this point. This condition requires the Defendant to establish what is ordinary in the debtor's industry. The Lindros affidavit does not address industry wide practices, therefore, there is a failure of proof under this provision. Considering the Defendant's evidence, in the light most favorable to the Defendant, the Court concludes that it has failed to prove that it has a meritorious defense to the complaint.

### 2. Prejudice to the Non-defaulting Party

Carn argues that he will suffer prejudice if the default is set aside because he spent time and money moving for default judgment. (Doc. 24). If that were sufficient, no default judgment could ever be set aside. Carn makes no claim that evidence has been lost or witnesses become unavailable. Setting aside the default would not prejudice Carn.

5

### 3. The Defendant Has Not Shown That it Had a Good Reason for its Failure to Answer the Complaint

Service of process is made on a corporation "by mailing a copy of the summons and complaint to the attention of an officer, a managing or general agent, or to any other agent authorized by appointment or law to receive service of process." Rule 7004(c), Fed. R. Bankr. P. Service of process, under Rule 7004(b) is complete upon mailing. *Moglia v. Lowitz & Sons, (In re Outboard Marine Corp.)*, 359 B.R. 893, 898 (Bankr. N.D. Ill. 2007). When proof of service is filed, it is presumed that it reached its destination and was actually received by the person to whom it was addressed. *Ms. Interpret v. Rawe Druck, (In re Ms. Interpret)*, 222 B.R. 409, 413 (Bankr. S.D.N.Y. 1998). The burden is on the Defendant to overcome the presumption that it received service of process. *Tropin v. Weitzman (In re Plaza Trading Corp.)*, 182 B.R. 349, 351 (Bankr. S.D. Fla. 1995). Mere claims of nonreceipt are not sufficient. *In re Schepps Food Stores, Inc.*, 152 B.R. 136, 139-40 (Bankr. S.D. Tex. 1993).

The Defendant attempts to meet its burden here with the affidavit of Gary Lindros, owner and registered agent for the Defendant. (Docs. 24, Ex. B). Lindros admits that the address indicated on Carn's proof of service is the business address of the Defendant, however, he denies receipt of the summons and complaint. Considering the Court's record as a whole, the Court concludes that Lindros' generalized claim of nonreceipt is insufficient here to rebut the presumption of service here.

The Court's record indicates that either Carn or the Court mailed six different notices to the Defendant, any one of which would have put it on notice that it was being sued and needed to

respond: (1) Summons and Complaint, mailed by Carn on January 4, 2018 (Docs. 1, 6); (2) Notice of Status Conference, mailed by the BNC[2] on March 23, 2018 (Docs. 7, 8); (3) Request for Entry of Default, mailed by Carn on April 20, 2018 (Doc. 11); (4) Clerk's Entry of Default, mailed by BNC on April 26, 2018 (Docs. 12, 13); (5) Motion for Default Judgment, mailed by Carn on April 27, 2018 (Doc. 14); and (6) Default Judgment mailed on May 10, 2018 by BNC (Docs. 15, 16). If Lindros' affidavit is to be believed, he received only one of six items mailed to him. The sheer number of mailings which Lindros claims not to have received, by itself, renders his affidavit not worthy of belief.

In addition to the sheer number of mailings made to the Defendant, the Court is struck by Lindros' decided lack of curiosity about his business' sieve-like mail receiving procedures. Having failed to receive so many mailings, one might have thought that Lindros would have launched an investigation into the Defendant's problem with properly receiving and delivering items delivered by the U.S. Mail. The results of his inquiry might have provided him with a sufficient factual basis upon which to vacate the default judgment.[3] Moreover, Lindros failed to set out that his business had any regularized process for receiving mail. For example, if the Defendant had offered testimony that it logged in all incoming mail and produced its log showing no such items were logged in, the Court might have inferred that the Defendant has created a factual issue. Nothing of the kind was produced. Were the Court to grant the Defendant's

---

[2] The Court uses a contract service "Bankruptcy Noticing Center" for service of many things mailed by the Clerk. When service is made by BNC, it files a separate affidavit of service. (Doc. 8).

[3] For example, if the Defendant's mail was being stolen from its mailbox–and the Defendant timely complained to the U.S. Postal Service.

motion here, sloppy business practices, if not outright dishonesty, would be encouraged, to the detriment of the efficient operation of the bankruptcy courts.

Even if the Court were to accept, as true, Lindros' claim that he did not receive notice of these proceedings until May 3, 2018, he did not act with diligence from that date going forward. The Defendant's Motion to Set Aside was not filed until July 3, 2018, two months later. (Doc. 18). Claims of lawyer's vacations and the like are not sufficient. One who learns a default judgment has been taken against him, must act with diligence, if not with haste. A 60-day delay in moving the Court is not acceptable. *See, Florida Physician's Insurance Co., Inc. v. Ehlers*, 8 F.3d 780, 784 (11th Cir. 1993)("the failure to establish minimum procedural safeguards for determining that action in response to a summons and complaint is being taken does not constitute default through excusable neglect.") Having considered the evidence, the Court concludes that the Defendant has failed to prove that it had a good reason for its failure to timely answer the complaint.

### III. CONCLUSION

The Court denies Defendant's Motion to Set Aside Default Judgment for two reasons. First, it failed to establish a meritorious defense. Second, it has failed to establish any good reason for its failure to timely answer the complaint. The affidavit of the owner and registered agent of the Defendant alleges mere nonreceipt of the summons and complaint. Yet, the record indicates at least six items were served on the Defendant. The sheer number of items allegedly not received beggars belief. Moreover, the Defendant does not explain anything about its business practices or offer a reason why the process in question was not received. The Court

needs something more than just an unadorned claim of nonreceipt. In addition, the Defendant did not act diligently once it claimed it learned of the default judgment. A 60-day delay in bringing this matter to the Court's attention is not acceptable. For these reasons, the Defendant's Motion to Set Aside Default Judgement is denied. The Court will enter a separate order.

Done this 15th day of October, 2018.

*[signature]*

United States Bankruptcy Judge

c: John D. Elrod, Attorney for Plaintiff
   William Wesley Causby, Attorney for Defendant

9

Case 18-01013    Doc 28    Filed 10/16/18    Entered 10/16/18 09:22:05    Desc Main
Document      Page 9 of 10

10